UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| T&D KOHLLEPPEL FARMS, INC., § | | |
| and TED KOHLLEPPEL, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| BEXAR, MEDINA, ATASCOSA § | SA-10-CV-0368 FB (NN) | |
| COUNTIES WATER CONTROL & § | | |
| IMPROVEMENT DISTRICT NO. ONE; § | | |
| ED BERGER; § | | |
| BRIAN SULLIVAN; § | | |
| WILL CARTER; § | | |
| TOMMEY FEY; and § | | |
| RALPH KOHLLEPPEL, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING MOTION FOR SANCTIONS

The matter before the Court is plaintiffs' motion for sanctions and defendants' response thereto (docket entries 67 and 74).

By their motion plaintiffs complain that defendants appeared at a second mediation of this dispute without authority to offer a greater monetary settlement amount than that offered at the first mediation conference. Plaintiffs rely on the Court's order regarding mediation and specifically language regarding good faith participation and attendance of representatives with authority. Plaintiffs ask the Court to award sanctions for defendants' failure to participate in good faith without additional authority, in an amount sufficient to compensate plaintiffs for the costs and expenses of attending the second mediation.

1

Plaintiffs offer no authority to support their request for sanctions.[1]

In response to plaintiffs' motion, defendants maintain that they appeared at the second mediation in good faith. They listed the representatives who attended on behalf of defendants. They further explain that they attended with additional authority but that their authority was conditioned on the resolution of a preliminary issue. The parties were unable to reach an agreement regarding that issue and, consequently, no monetary offer was made at the second conference. Defendants also assert that the plaintiffs' motion violates the Court's confidentiality rules applicable to mediations.

Analysis:

---

[1] See Local Rule CV-7(c).

(c) Legal Authorities Supporting Motions. The specific legal authorities supporting any motion shall be cited in the motion and the motion shall be limited to 10 pages in length, unless otherwise authorized by the Court. An appendix may be filed with the motion specifying any factual basis relied upon and shall include all affidavits, deposition transcripts or other documents supporting the relied upon facts. No legal authorities are required to be cited in any of the following motions: (1) for extension of time for the performance of an act required or allowed to be done, provided request therefor is made before the expiration of the period originally prescribed, or as extended by previous orders; (2) to continue a pretrial conference hearing or motion, or the trial of an action; (3) for a more definite statement; (4) to join additional parties; (5) to amend pleadings; (6) to file supplemental pleadings; (7) to appoint next friend or guardian ad litem; (8) to intervene; (9) for substitution of parties; (10) relating to discovery, including, but not limited to motions for the production and inspection of documents, specific objections to interrogatories, motions to compel answers or further answers to interrogatories, and motions for physical or mental examination; (11) to stay proceedings to enforce judgment; (12) joint motions to dismiss; (13) to withdraw as counsel; (14) for mediation or other form of alternative dispute resolution; and (15) for approval of an agreed protective order. All the motions herein referred to, while not required to be accompanied by legal authorities, must state the grounds therefore and cite any applicable rule, statute, or other authority, if any, justifying the relief sought.

The extent to which the Court has authority to sanction a party for its participation ... or lack of it ... at a mediation conference has not been briefed by the parties. Regardless, the arguments tendered in support of the motion do not demonstrate that even if the Court has authority to sanction a party for failing to attend a mediation in "good faith," that such authority should be exercised here. Defendants attended two mediation sessions. After the first mediation the parties recessed to further explore options. The defendants explain that five persons attended the second mediation, traveling from Austin and Medina County to San Antonio to participate. The mere fact that an offer was not made at the second session does not support the conclusion that the defendants failed to participate in good faith. The fact that plaintiffs incurred additional expenses does not support an award of sanctions; all parties incurred additional expenses. The Court will not elicit the particulars of why an offer was not made, what offers were on the table, or the evolving assessments of what each party "needed" in order to resolve their dispute. Such a factual inquiry would undermine the integrity of a process that depends on confidentiality.

Accordingly, for the reasons stated above, the motion for sanctions is ORDERED DENIED.

**SIGNED** on September 26, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE